People v Vincent (2024 NY Slip Op 24002)

[*1]

People v Vincent

2024 NY Slip Op 24002

Decided on January 2, 2024

Supreme Court, Kings County

Daniels-DePeyster, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 2, 2024
Supreme Court, Kings County

The People of the State of New York

against
Patrick Vincent, Defendant.

Indictment No. 693-19

ADA Andrew Gruna for DA Eric Gonzalez, Kings County, District Attorney's Office 
Lily Goetz and Jacob Segall of the Legal Aid Society for the defendant

Claudia Daniels-DePeyster, J.

The defendant is charged with Burglary in the Third Degree (PL § 140.20) and other related charges on Indictment 693-19, and is currently out on bond. The defendant is charged with Burglary in the Third Degree (PL § 140.20) and other related charges on Indictment 188-20, and is currently released under the supervision of supervised release. While out on these cases, the defendant was rearrested and indicted under Indictment 74900-23, charging him with Criminal Possession of a Controlled Substance in the Third Degree (PL § 220.16) and other related charges. Based on this rearrest, the People moved this Court to revoke the defendant's securing orders on the 2019 and 2020 indictments pursuant to CPL § 530.60.
I. CPL § 530.60 Revocation
CPL § 530.60 sets forth the procedures and standards for modifying securing orders throughout the course of a criminal proceeding. The provision relevant to this proceeding is CPL § 530.60(2)(b)(iv), which states that whenever in the course of a criminal action or proceeding a defendant "stands charged in such action or proceeding with a felony and, after being so charged, committed a felony while at liberty," "it shall be grounds for revoking such order and [*2]imposing a new securing order."[FN1]

Pursuant to CPL § 530.60(2)(c), before a court may revoke a securing order, "the court must hold a hearing and shall receive any relevant, admissible evidence not legally privileged...A transcript of testimony taken before the grand jury upon presentation of the subsequent offense shall be admissible as evidence during the hearing. The district attorney may move to introduce grand jury testimony of a witness in lieu of that witness' appearance at the hearing." The standard to be applied is clear and convincing evidence.
II. Legal Analysis
In the instant matter, a hearing was conducted pursuant to CPL § 530.60 where the People requested bail be set at $100,000 based on the defendant's new felony arrest. The People submitted the 2023 indictment, and the accompanying grand jury minutes to the Court in support of their request. The minutes included the testimony of the defendant and Police Officers Farag and Johnson, who executed the search warrant. During the presentation to the grand jury, the People entered into evidence a laboratory report purporting that the substance recovered after the execution of the search warrant was cocaine. This report was entered without a live witness pursuant to CPL § 190.30.
The defendant argued that the People failed to prove through clear and convincing evidence that the defendant committed a new felony, specifically, they argued that the Court could only consider the witness testimony within the grand jury minutes and not the laboratory report, as it is not admissible evidence at a CPL § 530.60 revocation hearing. The Court agrees.
The legislature's use of the phrase "relevant, admissible evidence" demonstrates its intent that the ordinary rules of evidence apply to CPL § 530.60 revocation hearings. In New York court proceedings, evidence is generally deemed admissible if it is relevant and does not violate an exclusionary rule (see People v. Alvino, 71 NY2d 233 [1987]). The rule against hearsay is an exclusionary rule and where the legislature intended for hearsay to be received during a proceeding, it is clearly stated (see e.g. CPL § 710.60[4](allowing for hearsay at suppression hearings); see e.g. CPL § 190.30(delineating specific hearsay exceptions in the grand jury)). CPL § 530.60 however, expressly provides for the admission of one form of hearsay, grand jury testimony of a witness before the grand jury. Therefore, this Court finds that the laboratory report does not fall within the exception and cannot be entered into evidence at the hearing without the proper foundation having been laid.
The felonies charged in the new indictment are Criminal Possession of a Controlled Substance in varying degrees. The witness testimony alone does not demonstrate by clear and convincing evidence the weight of what was recovered, let alone that it was in fact a controlled substance. Therefore, the court cannot find by clear and convincing evidence that a felony was committed and the People's request for a modification of the securing order is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: January 2, 2024
Kings County, New York
Hon. Claudia Daniels-DePeyster, A.J.S.C.

Footnotes

Footnote 1: There is no dispute that the defendant is charged with a felony in the instant matter and was at liberty at the time of the alleged commission of the new felony.